116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Judith MARTINEZ-DAVILA, Defendant-Appellant.
 No. 96-50595.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-00992-LCN; Leland C. Nielsen, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Judith Martinez-Davila ("Martinez") appeals from her conviction and 60-month sentence following a jury trial for importation of marijuana, in violation of 21 U.S.C. §§ 952, 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Martinez contends that: (1) the evidence was insufficient to support her conviction and (2) the district court erred by refusing to apply the "safety valve" provision under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the conviction, but vacate Martinez' sentence and remand for resentencing.
 
 
 3
 Martinez contends that the evidence was insufficient to support her conviction because it did not prove she had knowledge and control over the marijuana. This contention lacks merit.
 
 
 4
 We review sufficiency of the evidence claims by viewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir.1994).
 
 
 5
 The evidence at trial indicated that Martinez was the driver and sole occupant of a car with approximately 328 pounds of marijuana in the trunk, and two agents testified they could smell the marijuana inside the car. From this evidence alone, the jury could rationally conclude that Martinez had knowing possession of the marijuana. See Davila-Escovedo, 36 F.3d at 843; see also United States v. Sanchez-Robles, 927 F.2d 1070, 1076 (9th Cir.1991) (holding that jury could rationally conclude that defendant had knowing possession where the van she was driving contained a large quantity of marijuana giving off a strong odor).[1] Furthermore, testimony indicated that Martinez' hands were shaking when she handed over the keys to the car. See United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.1987) (holding that nervousness by defendant before discovery of contraband strengthened inference of knowing possession). While Martinez testified that the car did not belong to her and she did not know the marijuana was in the trunk, it was the exclusive province of the jury to determine whether her testimony was credible. See Davila-Escovedo, 36 F.3d at 842. Reviewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Martinez had knowing possession of the marijuana with intent to distribute. See Jackson, 443 U.S. at 319; Davila-Escovedo, 36 F.3d at 843.
 
 
 6
 Martinez also contends that the district court erred by failing to provide its reasons for refusing to apply section 5C1.2, also known as the "safety valve" provision. We agree.
 
 
 7
 We review the district court's interpretation and application of the sentencing guidelines de novo. See United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). We review for clear error the district court's determination whether a defendant is eligible for relief under section 5C1.2. See id.
 
 
 8
 Section 5C1.2 provides that the district court "can-indeed must-depart from the mandatory minimum sentence" if the defendant meets the statute's five criteria. See United States v. Sherpa, 110 F.3d 656, 660 (9th Cir.1997); 18 U.S.C. § 3553(f) (1996). Furthermore, "[t]he district court ... must provide reasons for agreeing or refusing to apply section 5C1.2 at the time of sentencing." United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996).
 
 
 9
 Here, the Government agreed that Martinez met the first four statutory factors to qualify for application of section 5C1.2. Only the satisfaction of subsection (5) was in dispute, which requires the defendant to "provide (prior to sentencing) all information at his disposal relevant to the offense, whether or not it is useful to the Government." Sherpa, 110 F.3d at 660. Martinez offered that she had fully cooperated with the investigation, and had provided the address and photograph of the man she believed was responsible for placing the marijuana in the car.
 
 
 10
 The district court then sentenced Martinez to the statutory minimum of 60 months and stated "I recognize that I have authority under the Sherpa case to do otherwise, but I am not going to do it." Because application of the safety valve provision is mandatory and the district court made no factual finding that Martinez failed to satisfy the fifth factor, we vacate Martinez' sentence and remand for the limited purpose of resentencing on this issue. See Real-Hernandez, 90 F.3d at 360 (determining that "meaningful appellate review" not permitted when district court failed to provide reasons for refusing to apply safety valve provision).
 
 
 11
 AFFIRMED; SENTENCE VACATED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also note that the jury could infer intent to distribute from the quantity of marijuana found in the car. See United States v. Innie, 7 F.3d 840, 844 (9th Cir.1993)