UNITED STATES of America, Plaintiff–Appellee,

v.

Alfredo DAVILA–ESCOVEDO, Defendant–Appellant.

No. 93–50777.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 1994 [1].

Decided Sept. 19, 1994.

---

1. This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34–4.

Ward Stafford Clay, San Diego, CA, for defendant-appellant.

Bruce R. Castetter, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE, Senior District Judge.[2]

MERHIGE, Senior District Judge:

On June 29, 1993, appellant Alfredo Davila–Escovedo was tried before a jury on a

2. The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

two-count indictment charging importation of marijuana with intent to distribute (Count One) and possession of marijuana with intent to distribute (Count Two) in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). The following day, the jury returned a verdict of guilty on both counts. On October 4, 1993, appellant was sentenced to a term of imprisonment of seventy (70) months.

Appellant raises two issues on appeal. First, appellant claims that there was insufficient evidence to support his conviction for knowing possession of marijuana. Second, appellant claims that his case should be remanded for resentencing for the district court's failure to determine whether appellant had read the presentence investigation report and discussed it with his counsel.

For the reasons set forth below, we affirm.

## Background

On March 24, 1993, at approximately 7:30 a.m., Customs Inspector John Neatherlin of the United States Customs Service observed appellant arriving at the primary inspection area of the Calexico, California port of entry into the United States. Appellant was the driver and sole occupant of a 1977 Ford utility truck. Inspector Neatherlin considered unusual appellant's entry into port through his lane as opposed to the lane ordinarily used by commercial vehicles.

Appellant presented valid immigration documents, and the Inspector noted a valid user fee decal attached to the left wing window of the truck. In response to the Inspector's inquiry, appellant stated he was not aware that commercial vehicles used a particular lane, and that his destination was a swap meet at Las Palmas in Calexico.

Inspector Neatherlin commenced tapping the side of the truck, and he noticed that appellant became increasingly nervous as the tapping continued. The wall of the truck appeared more solid near the front than the back, and the Inspector referred the truck to the secondary inspection area with a referral

slip that read, "Please check closer. Walls seem solid."

Inspector Robert Galaviz questioned appellant at the secondary inspection area. Appellant stated he was not bringing anything from Mexico. Appellant also stated that he owned a stand at the swap meet in Calexico. Galaviz observed that appellant seemed nervous.

Upon inspection of the interior of the truck, Galaviz noted that the sheet metal had new screws, and that the cargo area of the truck was shorter than the outside. The refrigerator unit inside the truck was not operating, and the hoses running from the unit had fresh putty around them.

Inspector Galaviz had a narcotics detector dog search the truck interior, and the dog alerted to the wall of the vehicle. Galaviz drilled a hole in the front cargo area wall, and discovered marijuana. Ultimately, Inspections officers discovered 42 bags containing approximately 959 pounds of marijuana.

The vehicle registration documents indicated one Felix Jesus Beltran as the registered owner, and Department of Motor Vehicles revealed that the truck had a previous license plate. Further investigation established that appellant had purchased the user fee decal for $140 in cash on February 15, 1993.[3]

Appellant testified on his own behalf at trial. He stated that he owns and operates a second hand store in Mexicali, and that on the day of his arrest he was in a hurry to arrive at the swap meet. He testified that he knew the owner of the truck, and that he and Mr. Beltran had worked out an arrangement whereby in exchange for appellant's purchase of the user fee decal, Beltran permitted appellant to use the truck twice. Further, appellant stated that he was to deliver the truck to Beltran's wife at the swap meet in Calexico. Appellant had the truck in his possession for approximately 15–20 days prior to his arrest. However, according to appellant, approximately four days prior to his arrest, Beltran used the truck. Appellant

denied any knowledge of the presence of the drugs in the truck.

### Standard of Review

In considering appellant's argument as to insufficiency, the Court must determine "whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant[ ] guilty beyond a reasonable doubt of each essential element of the crime charged." *United States v. Hernandez,* 876 F.2d 774, 777 (9th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989). The Court must "respect the exclusive province of the jury to determine credibility of witnesses." *United States v. Boone,* 951 F.2d 1526, 1536 (9th Cir.1991), *citing, United States v. Goode,* 814 F.2d 1353, 1355 (9th Cir.1987).

The Court reviews *de novo* the legality of criminal sentences and interpretation of federal statutes. *United States v. Marco L.,* 868 F.2d 1121, 1123 (9th Cir.1989), *cert. denied,* 493 U.S. 956, 110 S.Ct. 369, 107 L.Ed.2d 355 (1989).

### Discussion

**1. Whether the evidence introduced at trial was insufficient to find appellant guilty of knowing possession.**

Appellant contends that the Government failed to establish that he constructively possessed the marijuana hidden within the walls of the truck. Citing *United States v. Rodriguez,* 761 F.2d 1339, 1341 (9th Cir. 1985), appellant argues that mere proximity to contraband is insufficient to establish constructive possession. Appellant also submits that, under *United States v. Penagos,* 823 F.2d 346 (9th Cir.1987), there can be no conviction where the evidence merely establishes a defendant's presence at the place where drugs were kept and with codefendants when drugs were delivered.

According to appellant, there was no evidence introduced at trial from which a reasonable trier of fact could conclude that appellant knowingly possessed the marijuana.

---

**3.** The user decal allows a commercial vehicle to cross the border for a one-time fee for one year. In the absence of the decal, a commercial vehicle

is sent directly to the secondary inspection area to pay a seven-dollar per trip fee for entry through the port.

Appellant relies on *United States v. Ramirez,* 880 F.2d 236 (9th Cir.1989) for the requirement of affirmative evidence connecting the defendant with the drugs.

Appellee asserts that, contrary to appellant's view, a jury may infer that the driver and sole occupant of a vehicle containing drugs was aware that the drugs were in the vehicle. *United States v. Sanchez–Robles,* 927 F.2d 1070, 1076 (9th Cir.1991). This Circuit has also held, the Government argues, that knowledge can be inferred from mere possession of a large amount of drugs. *United States v. Barbosa,* 906 F.2d 1366 (9th Cir.), *cert. denied,* 498 U.S. 961, 111 S.Ct. 394, 112 L.Ed.2d 403 (1990).

Appellee maintains that, insofar as appellant was the driver and sole occupant of a truck that concealed approximately 959 pounds of marijuana, the evidence was sufficient to support the jury's conclusion that appellant knowingly possessed the drugs. Moreover, the Government points to the following evidence as further support for the jury's verdict: appellant's increasing anxiety as the inspection progressed; appellant's inconsistent statements regarding ownership of a stand at the swap meet;[4] the alteration of the truck to accommodate hidden drugs; and, appellant's purchase of a user fee decal.

The Government contends that, pursuant to *Sanchez–Robles, supra,* the jury was free to believe or disbelieve appellant's testimony. Given the deference to which the jury's conclusions are entitled and the evidence on which they could base their verdict, appellee submits, appellant's conviction should stand.

Appellee adds that none of the cases cited by appellant involves a driver and sole occupant of a vehicle in which drugs were concealed.

■ Appellant's argument as to sufficiency is without merit. The elements of possession with intent to distribute drugs in violation of 21 U.S.C. § 841(a) are: (1) knowingly (2) possessing the drug (3) with intent to distrib-

ute. *United States v. Walitwarangkul,* 808 F.2d 1352, 1353 (9th Cir.), *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1909, 95 L.Ed.2d 515 (1987). A jury may infer intent to distribute from the quantity and value of the drug possessed. *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.1988).

As appellant was the driver and sole occupant of the vehicle, the jury could properly infer that he knew about the marijuana. *See United States v. Rubio–Villareal,* 927 F.2d 1495, 1499 (9th Cir.1991) ("[e]xclusive dominion over the property or vehicle in which contraband is found is strong circumstantial evidence of possession"), *vacated on other grounds,* 967 F.2d 294, 296 (9th Cir.1992) (en banc); *United States v. Murrieta–Bejarano,* 552 F.2d 1323, 1324 (9th Cir.1977) (jury could infer driver and sole occupant of truck at border crossing knew of 138 pounds of marijuana concealed in truck).

■ Furthermore, it is well-established in this Circuit that mere possession of a substantial quantity of drugs will support an inference of knowledge. *See Barbosa,* 906 F.2d at 1368 ("mere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics"); *United States v. Collins,* 764 F.2d 647, 652 (9th Cir.1985) (possession of approximately eight pounds of cocaine constituted "substantial quantity" and sufficiently supported jury's finding that defendant knowingly possessed narcotics).

**2. Whether the case should be remanded for resentencing for the district court's failure to determine whether appellant had read the presentence report and discussed it with counsel.**

■ Appellant contends that the sentencing court failed to determine whether appellant read the presentence report and discussed it with counsel before imposing sentence, as required by Federal Rule of Criminal Procedure 32(a)(1)(A).[5] Appellant con-

4. Appellant informed Inspector Galaviz that he owned a stand at the swap meet. However, at trial, appellant testified that he did not own a stand.

5. Rule 32(a)(1)(A) states that, before imposing sentence, the court shall:
   (A) determine that defendant and defendant's counsel have had the opportunity to read and

tends that it was critical for the court to make such inquiry because appellant's counsel filed no objections to the report. Under *United States v. Sustaita*, 1 F.3d 950, 953–54 (9th Cir.1993), appellant asserts, the district court's error requires remand for resentencing. According to appellant, under *Sustaita* no showing of prejudice is necessary for the cause to be remanded for resentencing.

The Government concedes, as it must based on the record, that the sentencing court did not ask either appellant or his counsel if they had read and discussed the presentence report. However, appellee urges that *Sustaita* does not require remand where appellant alleges nothing more than the failure to observe Rule 32(a)(1)(A). Remand is not required here, the Government contends, because appellant has shown neither that the error was prejudiced, nor that the sentencing presented any significant factual or legal dispute.

In *Sustaita*, this Court remanded the case for resentencing based on its determination that the defendant was prejudiced by the sentencing judge's failure to inquire whether Sustaita had read the presentence report and discussed it with her counsel as required by Rule 32(a)(1)(A). *Id.* at 953. The court rejected the government's argument that the sentencing judge's error was harmless.

> We agree with the Seventh Circuit [in *United States v. Rodriguez–Luna*, 937 F.2d 1208 (7th Cir.1991)] that harmless error analysis may be appropriate where the sentencing judge fails to observe the requirements of Rule 32(a)(1)(A), if it is clear that no prejudice resulted. We also agree that the error is deplorable and easily avoided. And, in this case, we are not prepared to hold that there was no prejudice.

*Sustaita*, 1 F.3d at 954.

The instant record clearly establishes that the sentencing judge failed to inquire whether appellant had read the presentence report and discussed it with his counsel. Thus, a technical violation of Rule 32(a)(1)(A) occurred. *United States v. Lewis*, 880 F.2d

243, 245 (9th Cir.1989) ("the plain language of Rule 32(a)(1)(A) requires that the court determine whether or not the defendant and his counsel have had the opportunity to read and discuss the report."). However, the Court cannot agree with appellant's assertion that *Sustaita* requires remand even in the absence of a showing that appellant was prejudiced by the failure.

The Court observes that appellant has not only raised no claim of prejudice, but he has also made no affirmative allegation that he failed to read the report. As such, the instant appeal is distinct from *Sustaita*, where there was an ongoing factual dispute regarding Sustaita's participation in the conspiracy and the amount of heroin involved in the counts of conviction. *Id.* at 953, *see United States v. Rodriguez–Luna*, 937 F.2d 1208, 1213 (7th Cir.1991) (harmless error appropriate where defendant identified no fact that he was prevented from disputing based on sentencing judge's failure to follow Rule 32(a)(1)(A) and where defendant did not claim he was denied the opportunity to read the report or discuss it with his lawyer).

Contrary to appellant's contention, under *Sustaita* a sentencing judge's failure to follow Rule 32(a)(1)(A) may be excused "if it is clear that no prejudice resulted." *Id.* at 954. Appellant's proposition that failure by the sentencing judge to follow Rule 32(a)(1)(A) necessarily requires resentencing, regardless of prejudice, renders harmless error analysis meaningless. In *Sustaita*, the court determined that the defendant was, in fact, prejudiced by the sentencing judge's failure. Here, the determination of whether defendant was prejudiced, as required by *Sustaita*, yields nothing. Based on both appellant's failure to allege prejudice and the Court's own review of the record, we hold that the sentencing judge's failure to observe Rule 32(a)(1)(A) was harmless error.

**AFFIRMED.**

---

discuss the presentence investigation report … or summary thereof …

Fed.R.Crim.P. 32(a)(1)(A).