110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abel LEYVA-FLORES, Defendant-Appellant.
 No. 96-10211.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 18, 1997.
 
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abel Leyva-Flores (Leyva) was convicted of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Leyva contends there was insufficient evidence for the jury to find him guilty. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In reviewing the sufficiency of the evidence, the proper standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Further, the evidence need not exclude every hypothesis except guilt. United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). All that is required is that the jury could have reasonably arrived at its verdict. Id.
 
 
 4
 At trial, the prosecution presented evidence that Leyva knew the plane he was traveling in contained marijuana. The plane was stuffed with the contraband, from the tail section right up to the back of Leyva's seat. The prosecution also presented evidence that Leyva had been asked by his codefendant pilot to work with him, collecting debts and maintaining the aircraft. Leyva, as the only passenger, travelled on the plane to the secret airstrip where the marijuana was loaded into the plane. Then he remained in the plane as it headed to another secret airstrip where the marijuana was to be delivered. Further, evidence was presented that the airplane had not cleared Customs, had not registered a flight plan, and sent out no transponder signal. The marijuana had a value of $168,000 in Mexico, and $335,000 in the United States, indicating it was for distribution and not personal use. See United States v. Davila, 36 F.3d 840 (9th Cir.1994).
 
 
 5
 There was sufficient evidence to convict Leyva of possession with intent to distribute. See United States v. Hood, 493 F.2d 677 (9th Cir.1974), cert. denied, 419 U.S. 852 (1974); United States v. Humphrey, 759 F.2d 743 (9th Cir.1985), cert. denied, 480 U.S. 917 (1987); United States v. Restrepo, 930 F.2d 705 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3