110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio VALLE-ARELLANO, Defendant-Appellant.
 No. 96-50234.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 20, 1997.
 
 Before: SCHROEDER, FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Antonio Valle-Arellano ("Valle-Arellano") appeals his sentence following his guilty plea conviction for conspiracy to distribute, and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). Valle-Arellano contends that the district court erred by failing to determine whether he had read the presentence report and discussed it with his attorney as required by Fed.R.Crim.P. 32, by failing to grant him a minor role adjustment, and by failing to grant a downward departure based upon aberrant behavior. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The government concedes that the sentencing judge failed to verify that Valle-Arellano had read and discussed the presentence report with his attorney, as required by Fed.R.Crim.P. 32(c)(3)(A). We conclude, however, that the error was harmless. See United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994) (failure of sentencing judge to comply with Fed.R.Crim.P. 32(c)(3)(A) may be excused if the record revealed no prejudice). Valle-Arellano does not claim that he did not read the presentence report or discuss it with his attorney. The record reveals that Valle-Arellano and his counsel met with the government prior to sentencing to discuss the application of the safety valve protection. The sentencing court granted the safety valve to Valle-Arellano over the objections of the government. Valle-Arellano received the lowest sentence in the applicable guideline range. Valle-Arellano does not identify any additional issues he would have raised had the sentencing judge asked him whether he had read the presentence report. Nothing in the record indicates that the sentencing judge's failure to follow Fed.R.Crim.P. 32(c)(3)(A) resulted in prejudice to Valle-Arellano. Accordingly, we decline to remand for resentencing. See id.
 
 
 4
 Valle-Arellano next contends that the district court erred in rejecting his request for a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2. He argues that the court's refusal to grant his motion for production of his co-defendant violated his right under Fed.R.Crim.P. 32(a)(1)(c) to a full and complete hearing at sentencing. He also argues that the district court did not sufficiently state its findings regarding the respective roles of he and his co-defendant. We reject these arguments.
 
 
 5
 We review the district court's decision not to hold an evidentiary hearing at sentencing for abuse of discretion. Fed.R.Crim.P. 32(c)(1); United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992), cert. denied, 580 U.S. 929 (1993). There are no facts or circumstances indicating that the court abused its discretion in refusing to hear the testimony of Palafox, the convicted co-defendant. The court clearly stated that it could choose whether or not to believe Palafox's testimony, and, even if believed, the court was not required to grant a minor role adjustment. See United States v. Benitez, 34 F.3d 1489, 1498 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995) (even if a defendant is less culpable than his coparticipants, he is not automatically entitled to a minor role reduction unless he is "substantially" less culpable than them). The district court stated adequate reasons for denying a minor role adjustment, and was not required to make specific findings regarding Valle-Arellano's relative culpability. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 116 S.Ct. 433 (1995).
 
 
 6
 Valle-Arellano argues that the district court, without adequate analysis, denied a downward departure based upon aberrant behavior, and erred in its reasoning that Valle-Arellano should receive the same sentence as his co-defendant, Palafox. We reject these arguments.
 
 
 7
 The district court's discretionary decision not to depart downward is not reviewable. United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994). The transcripts of the sentencing hearing show that the court considered Valle-Arellano's oral request for a departure based upon aberrant behavior and exercised its discretion to deny the departure. Therefore, this decision is not reviewable by this court. Id. Furthermore, the court did not err by comparing Valle-Arellano's sentence to that of his co-defendant.
 
 
 8
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3