131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert D. MITCHELL, Defendant-Appellant.
 No. 96-15673.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the District of California, Nos. CV-95-00958-DFL, CR-92-00009-05-DFL; David F. Levi, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert D. Mitchell appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, see United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and we affirm.
 
 
 3
 Mitchell contends that his sentence violated his plea agreement because the provision that required the dismissal of the information meant that his prior conviction would not be used in his sentence calculation. This contention lacks merit.
 
 
 4
 Mitchell's understanding of the plea agreement was not objectively reasonable. See United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993) (when interpreting the plea agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty). Mitchell pleaded guilty to Count Six of the indictment in exchange for the government's dismissal of the information charging him with a drug prior and a recommendation that Mitchell be sentenced within the applicable guideline range. The plea agreement did not provide that Mitchell's prior conviction would be excluded from his sentence calculation. Accordingly, The district court did not err by finding Mitchell's sentence was in accordance with the plea agreement. See id.[1]
 
 
 5
 Mitchell also contends he was denied effective assistance of counsel because his attorney failed to enforce the terms of the plea agreement at sentencing. This contention lacks merit because there was no breach of the plea agreement. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) (explaining that counsel's failure to raise meritless legal arguments does not constitute ineffective assistance of counsel).
 
 
 6
 Finally, Mitchell contends that the district court erred by failing to ensure that Mitchell read the presentence report ("PSR") prior to sentencing. We disagree because the district court's failure to inquire whether Mitchell read the PSR was harmless.
 
 
 7
 Mitchell does not assert that he was unable to read the PSR but that he was unable to review his criminal history points. Although the district court did not specifically determine that Mitchell had the opportunity to review the PSR and discuss it with his attorney, Mitchell failed to demonstrate that he was prejudiced by not having reviewed his criminal history points prior to sentencing. See United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994) (violation of Rule 32(a)(1)(A) may be excused "if it is clear that no prejudice resulted"). Mitchell was told that he would be sentenced as a career offender prior to sentencing and he never objected to this determination. Because Mitchell was aware that he qualified as a career offender prior to sentencing, he has failed to establish that he was prejudiced by not reviewing his criminal history score. See Davila-Escovedo, 36 F.3d at 844.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not err by explicitly dismissing the information four years after Mitchell's guilty plea because the information was ignored at sentencing. Thus, Mitchell was not prejudiced by the late dismissal