132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro ALFONSO PALOMINO, Defendant-Appellant.
 No. 96-50608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-96-00278-1-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pedro Alfonso Palomino appeals his jury conviction and 78-month sentence for aiding and abetting the importation of marijuana and the possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960, and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Motion to Suppress
 
 3
 Palomino contends that the district court erroneously denied his motion to suppress his confession, because his confession was not voluntary and he did not voluntarily, knowingly, and intelligently waive his Miranda rights. This contention lacks merit.
 
 
 4
 First, based on all of the circumstances, we conclude that Palomino's confession was voluntary. See United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir.1993). There was no evidence that the agents used threats, violence, or other improper promises or influence to obtain his statement. See id.
 
 
 5
 Second, because Palomino's confession was voluntary, his Miranda waiver was also voluntary. See id. at 1364. Given that Palomino was read his rights in Spanish, and said he understood his rights and was willing to speak with the DEA agents, the district court did not clearly err by finding that Palomino knowingly and intelligently waived his Miranda rights. See id. at 1364-65. Accordingly, the district court correctly denied Palomino's motion to suppress his confession.
 
 B. Sufficiency of the Evidence
 
 6
 Palomino contends that the evidence was insufficient because the government failed to prove that he knew the offense involved marijuana. This contention is meritless because the jury did not commit plain error by finding that Palomino aided and abetted the importation of marijuana and the possession of marijuana with intent to distribute. See United States v. Quintero-Barraza, 78 F.3d 1344, 1351 (9th Cir.1995).
 
 
 7
 As to the importation charge, Palomino delivered a vehicle to the border where he knew it would be used in furtherance of a crime. Thus, he intentionally participated in a plan to import marijuana with the intent to further the plan's illegal purpose. See 21 U.S.C. §§ 952, 960; United States v. Mayes, 524 F.2d 803, 807 (9th Cir.1975). Palomino's purported lack of knowledge that the plan involved marijuana is immaterial, because the evidence need only show--as it does--that Palomino aided and abetted the plan. See Mayes, 524 F.2d at 807.
 
 
 8
 As to the possession charge, the jury could infer that, as the sole occupant of the vehicle, Palomino exercised exclusive control over the drugs and thereby knowingly possessed the drugs. See 21 U.S.C. § 841; United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir.1994). The jury could also infer from the large quantity of marijuana in the vehicle that Palomino knew he was participating in a scheme to distribute marijuana. See Davila-Escovedo, 36 F.3d at 843; United States v. Vaughn, 797 F.2d 1485, 1492 (9th Cir.1986) (defining aiding and abetting).
 
 C. Safety Valve Relief
 
 9
 Palomino contends that the district court erroneously failed to apply the "safety valve" provision of U.S.S.G. § 5C1.2. We conclude that Palomino waived this issue by failing to present it to the district court. See United States v. Ortland, 109 F.3d 539, 548 (9th Cir.1997).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3