134 F.3d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon Robert THOMPSON, Defendant-Appellant.
 No. 97-50045.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided January 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gordon Robert Thompson appeals his jury trial conviction and sentence imposed for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part and dismiss in part.
 
 
 3
 Thompson contends that insufficient evidence supported the jury's verdict that he knowingly imported and possessed the 198 pounds of marijuana concealed in the tires of the vehicle he attempted to drive across the border. This contention lacks merit.
 
 
 4
 We review a challenge to the sufficiency of the evidence to determine whether, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.1990).
 
 
 5
 As demonstrated here, "[c]ircumstantial evidence may prove knowledge or intent in cases involving possession or importation of large quantities of narcotics." Id. From the evidence at trial, a rational trier of fact could properly infer that Thompson knew about the marijuana. See id.; United States v. Davila-Escovedo, 36 F.3d 840, 841-43 (9th Cir.1994). Thompson was the driver and sole occupant of the vehicle, offered inconsistent explanations for his possession of the vehicle, and displayed apparent nervousness and anxiety when questioned by border officials. See Davila-Escovedo, 36 F.3d at 841-43; Barbosa, 906 F.2d at 1368. Accordingly, we affirm Thompson's conviction.
 
 
 6
 Thompson also challenges the district court's refusal to grant a discretionary downward departure under the Sentencing Guidelines. Because the district court recognized that it had the discretion to depart, but elected not to, we have no jurisdiction over this portion of Thompson's appeal. See United States v. Jones, 24 F.3d 1177, 1179 (9th Cir.1994).
 
 
 7
 AFFIRMED in part; DISMISSED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3