139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Mickey POLK, Defendant-Appellant.
 No. 97-30203.
D.C. No. CR-93-00271-JCC.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mickey Polk appeals his 262-month sentence following his guilty pleas to two indictments charging him with possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id. We review de novo the interpretation of the term "cocaine base" in 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1. See United States v. Shaw, 936 F.2d 412, 414-15 (9th Cir.1991).
 
 
 4
 Polk contends that the district court erred by sentencing him pursuant to the guidelines for cocaine base because the government did not prove that the form of cocaine base possessed by Polk was crack cocaine. This contention lacks merit.
 
 
 5
 The Sentencing Guidelines provide enhanced penalties for offenses involving cocaine base compared to offenses involving cocaine. See U.S.S.G. § 2D1.1 (1995). The 1992 Guidelines contained different offense levels for cocaine and cocaine base but did not specifically list penalties for crack cocaine or define cocaine base .[1] See U.S.S.G. § 2D1.1 (1992). Prior to the 1993 amendments defining "cocaine base" as "crack," we concluded "that Congress and the Commission must have intended the term cocaine base to include crack." See Shaw, 936 F.2d at 416 (internal quotations omitted).
 
 
 6
 Here, Polk was charged with and pled guilty to possession with intent to distribute cocaine base. In its summary of evidence at Polk's plea hearings, the government stated that when Polk's apartment was searched, Polk admitted to using glass jars found by the officers for "cooking crack cocaine" and that lab results confirmed that items found in Polk's automobile contained crack cocaine. The district court asked Polk if the government's summary was "a correct statement of what you in fact did" and Polk answered "yes." It is not clear that the government was required to prove that the form of cocaine base possessed by Polk was crack cocaine. See U.S.S.G. § 2D1.1 (1992); Shaw, 936 F.2d at 416 (defining "cocaine base" as including "crack"). Even if the government had such a burden, Polk's responses to the government's summary of the evidence referring to crack cocaine were sufficient to meet that burden.
 
 
 7
 Polk also contends that the district court erred by failing to ensure that Polk read the presentence report prior to sentencing. We disagree because Polk failed to demonstrate that he was prejudiced. See United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994).
 
 
 8
 Finally, Polk's contention that the district court erred by enhancing his sentence for a prior felony offense pursuant to 21 U.S .C. § 851 because the prior offense was not prosecuted by indictment or waiver thereof lacks merit. See United States v. Espinosa, 827 F.2d 604 (9th Cir.1987) (stating that 21 U.S.C. § 851 requires that the current offense, not the prior conviction, be prosecuted by indictment or waiver).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. To the extent that Polk is requesting an initial hearing en banc, his request is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Guidelines were amended in 1993 and now state that for the purposes of the Guidelines, "cocaine base" means "crack." See U.S.S.G. § 2D1.1(c)(n.D) (1995). The amendment went into effect three days after Polk was sentenced. The district court applied the 1992 version of the Guidelines in determining Polk's sentence