UNITED STATES of America,
Plaintiff—Appellee,

v.

Odin LLANEZ–ESPINOZA,
Defendant—Appellant.

No. 00–50609.
D.C. No. CR–00–01206–JNK.

United States Court of Appeals,
Ninth Circuit.

Argued July 10, 2001.

Resubmitted May 15, 2002.

Decided May 23, 2002.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

### ORDER

This case is resubmitted for decision as of May 15, 2002.

### MEMORANDUM *

Defendant Odin Llanez–Espinoza was convicted of possessing marijuana with intent to distribute it, in violation of 21

U.S.C. § 841(a)(1). He raises six main claims on appeal.

#### A. *Motion to Suppress*

■ Defendant first argues that the marijuana that border agents found in suitcases should have been suppressed. We have held that a "defendant who voluntarily abandons property has no standing to contest its search and seizure." *United States v. Stephens*, 206 F.3d 914, 917 (9th Cir.2000). Whether a defendant abandons property is a question of fact; a court must examine the totality of the circumstances, including whether the defendant denied ownership of the property. *United States v. Gonzales*, 979 F.2d 711, 714 (9th Cir.1992).

The district court found that Defendant repeatedly denied ownership of the suitcases. That finding is supported by the record and is not clearly erroneous. There is no evidence that the abandonment was involuntary or that it occurred as a result of a prior Fourth Amendment violation. Accordingly, the court did not err in denying Defendant's motion to suppress.

#### B. *Co–Defendant's Guilty Plea*

■ Next, Defendant argues that the district court erred in refusing to take judicial notice of the guilty plea of his co-defendant, Jorge Valdez–Lopez. We review for abuse of discretion a district court's decision to exclude evidence. *United States v. James*, 169 F.3d 1210, 1214 (9th Cir.1999) (en banc).

This case is distinguishable from *United States v. Vallejo*, 237 F.3d 1008 (9th Cir.), *amended by* 246 F.3d 1150 (9th Cir.2001). In *Vallejo*, the excluded factual evidence tended to prove that someone else might

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have put the drugs in the defendant's car and, by extension, that the defendant did not know that the drugs were there. 237 F.3d at 1022–23.

Here, Defendant sought to introduce Valdez–Lopez' bare guilty plea on the theory that, because Valdez–Lopez had knowledge that there were drugs in the suitcases, Defendant, who was traveling with him, did not know that the drugs were there. But Valdez–Lopez' guilty plea—without inclusion of underlying facts—says nothing about Defendant's knowledge of the contents of the suitcases. We therefore affirm the district court's evidentiary ruling.

### C. Aiding–and–Abetting Instruction

■ Third, Defendant argues that the district court improperly rejected his proposed instruction on the crime of aiding and abetting a § 841(a)(1) violation. Viewing the instructions as a whole, we review de novo whether the district court gave sufficient instructions and whether the instructions were misleading or stated the law incorrectly to the prejudice of the objecting party. *United States v. Matta–Ballesteros,* 71 F.3d 754, 771 (9th Cir. 1995), *amended by* 98 F.3d 1100 (9th Cir. 1996).

In the light of this standard, the district court's instructions were sufficient. First, the court correctly instructed the jury as to the elements of the crime of possession with intent to distribute. The court then gave an aiding-and-abetting instruction that explained that the government had to prove beyond a reasonable doubt that Defendant "acted with the knowledge and intention of helping [another] person commit the crime of possession of marijuana with intent to distribute." The court also instructed that an act is done knowingly "if the Defendant is aware of the act and does

not act through ignorance, mistake, or accident."

Read as a whole, the district court's instructions properly conveyed to the jury the findings that were necessary to support a guilty verdict. *See United States v. Avila–Macias,* 577 F.2d 1384, 1390 & n. 5 (9th Cir.1978) (approving a similar jury instruction). Had the jury not found beyond a reasonable doubt that Defendant intended to help another person possess the marijuana with intent to distribute it, the jury would have had to acquit. Accordingly, the district court did not err in refusing to give Defendant's proposed additional instruction on that point.

### D. Sufficiency of the Evidence

■ Defendant next argues that the government presented insufficient evidence of his intent to distribute the marijuana. We disagree.

At trial, the bus driver testified that Defendant and Valdez–Lopez entered the bus together, bringing with them the four suitcases that were later found to contain 59.22 kilograms of marijuana. The driver testified that he asked the two passengers whether they were going to Santa Ana and that he loaded the four suitcases onto the bus for them. A border agent testified that he removed the suitcases from the bus after the driver told him that the suitcases belonged to Defendant and Valdez–Lopez.

This testimony connects the drug-filled suitcases to Defendant, not merely to Valdez–Lopez. The jury was entitled to "infer intent to distribute from the quantity and value of the drug possessed." *United States v. Davila–Escovedo,* 36 F.3d 840, 843 (9th Cir.1994). The weight of the suitcases and the number of bags tend to disprove Defendant's argument that only Valdez–Lopez intended to distribute the marijuana. Moreover, Defendant and Val-

dez–Lopez were sitting next to each other on the bus, and both handed a border agent similar counterfeit documents.

### E. *Constitutionality of 21 U.S.C. § 841*

Defendant further asserts that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the drug statute, 21 U.S.C. § 841, is unconstitutional on its face. This argument is now foreclosed by *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc).

### F. *Mens Rea as to Type and Quantity*

Finally, Defendant argues that the district court committed an *Apprendi* error by failing to require the government to prove to the jury beyond a reasonable doubt that Defendant had knowledge of the type and quantity of drugs. However, as this court recently explained, "*Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance." *United States v. Carranza*, 289 F.3d 634 (9th Cir.2002). Accordingly, the district court committed no error.

AFFIRMED.