516

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luis VERDE–EB, a/k/a Orlando Bolio and Luis Verdeeb, Defendant— Appellant.**

No. 05–50949.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Becky S. Walker, Esq., Rodin Rooyani, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff– Appellee.

Jonathan D. Libby, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Luis Verde–Eb appeals from the 46– month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Verde–Eb contends that his sentence must be vacated because the district court did not verify that he had read the presentence report ("PSR") and discussed it with counsel. Verde–Eb does not claim that he did not read the PSR or discuss it with counsel. The sentencing brief filed in response to the PSR and the factual correction made by counsel at the sentencing hearing indicate that counsel had discussed the PSR with Verde–Eb. Verde–Eb has not identified any additional issues that he would have raised had the district court asked him whether he read the PSR. We conclude that the district court's failure to verify whether Verde–Eb had read the PSR and discussed it with counsel was harmless error. *See United States v. Davila–Escovedo,* 36 F.3d 840, 844 (9th Cir. 1994).

We reject Verde–Eb's contention that the enhancement for his prior felony conviction for a prior crime of violence was unconstitutional. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006). We also reject the contention that the district court abused its discretion by imposing as a condition of supervised release a requirement that he report to his probation officer within 72 hours of entering the United States. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006).

Finally, Verde–Eb contends that the sentence must be remanded because the district court erroneously stated that Verde–Eb had been convicted of driving under the influence rather than reckless driving. Because we conclude that the sentence is not unreasonable and that the district court did not rely on any clearly erroneous findings in reaching the sen-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tence, we reject this contention. *See United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED.**