**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco FLORES–DELGADO,**
**Defendant–Appellant.**

No. 05–50930.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2007.*

Filed May 21, 2007.

Hamilton E. Arendsen, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Azra Feldman, Uniondale, NY, for Defendant–Appellant.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

### MEMORANDUM **

That Flores–Delgado drove his own car over the border with 50 pounds of marijuana hidden in a secret compartment inside it constitutes sufficient evidence to support a jury's determination that he *knowingly* imported marijuana, and that he *knowingly* possessed the marijuana with the intent to distribute it.[1]

The district court erred by not asking, during the sentencing hearing, whether the defendant and his attorney had read and discussed the presentence report.[2] The error, though, was harmless. First, appellant has not claimed that he did not read the report.[3] Second, appellant has

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). ·

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See, e.g, United States v. Diaz–Cardenas*, 351 F.3d 404, 407 (9th Cir.2003); *United States v.*

*Dixon*, 460 F.2d 309, 309 (9th Cir.1972) (per curiam).

2. *See* Fed.R.Crim.P. 32(i)(1)(A).

3. *See United States v. Davila–Escovedo*, 36 F.3d 840, 844 (9th Cir.1994) (concluding that a violation of the federal rule was harmless).

not identified any error in the report that he would have brought to the court's attention had the judge asked the Rule 32(i)(1)(A) question.[4] Third, defense counsel's sentencing memorandum made it plain that he and his client had read the presentence report.

AFFIRMED.