**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Amador MARCIAL–GONZALEZ, aka
Amando Marciel–Gonzalez; et
al., Defendant—Appellant.**

No. 07–50520.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Dec. 23, 2008.

Sheri Pym, Office of the U.S. Attorney, Riverside, CA, Michael J. Raphael, Esquire, Assistant U.S., Erik Michael Silber, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Michael Tanaka, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, HALL and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Amador Marcial–Gonzalez ("Marcial–Gonzalez") appeals the sentence imposed after he pled guilty to illegal reentry in violation of 8 U.S.C. § 1326. The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. This court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We vacate and remand.

Under the Federal Rules of Criminal Procedure, the district court at sentencing "must verify that the defendant and the defendant's attorney have read and discussed the presentence report [PSR] and any addendum to the report." Fed. R.Crim.P. 32(i)(1)(A). Although a district court "need not specifically inquire whether a defendant has read the presentence report," the sentencing judge must "reasonably rel[y] on evidence indicating that a defendant has read the presentence report and discussed it with counsel." *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir.2007) (alteration in original) (internal quotation marks omitted). Failure to complete this verification "may be excused if it is clear that no prejudice resulted." *See United States v. Davila–Escovedo*, 36 F.3d 840, 844 (9th Cir.1994) (internal quotation marks omitted).

■■■ The district court did not specifically ask Marcial–Gonzalez whether he had read the PSR and discussed it with his attorney. There is no evidence in the record that he in fact read and discussed it, and he now claims he did not do so. Given that he cannot speak or read English, evidence that he received the PSR or supposedly concurred in it does not indicate the document was translated for and explained to him. The district court therefore violated Rule 32(i)(1)(A).

■■■ Furthermore, the record suggests that, if Marcial–Gonzalez had read and discussed the PSR with his trial counsel, he would have disputed the June 1, 2004, conviction it attributed to him and might have thereby succeeded in lowering his criminal history category and eventual sentence. Thus, he was harmed by the district court's error.

Because of our holding on this issue, we need not reach Marcial–Gonzalez's other claims that his sentence was miscalculated.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We VACATE Marcial–Gonzalez's sentence on the ground that the district court violated Fed.R.Crim.P. 32(i)(1)(A), and REMAND the matter for resentencing and an evidentiary hearing to determine whether Marcial–Gonzalez actually committed the June 1, 2004, offense.

** The Honorable, Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.