

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10242 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-0020-WHO-1 |
| v. | |
| JEREMY WHITE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Submitted June 13, 2016[**]
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges and LAMBERTH,[***] Senior
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Royce C. Lamberth, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

Jeremy White was convicted after a jury trial of one count of possession with intent to distribute 50 or more grams of methamphetamine. He appeals the district court's denial of his motion to suppress the evidence of drugs found on his person and in his car following a traffic stop and subsequent parole search. He also appeals the denial of his Rule 29 motion for a judgment of acquittal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court's denial of both motions.

Officer Sedgwick had reasonable suspicion to stop White's car. The reasonable suspicion standard requires the officer to demonstrate an awareness of "specific, articulable facts which, when considered with objective and reasonable inferences, form a basis for *particularized* suspicion." *United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (emphasis in original). Sedgwick credibly testified that one of White's headlamps was emitting blue light, in violation of the California vehicle code. Cal. Veh. Code § 25950(a). Although California law, through the incorporation of the relevant federal standards, permits the use of headlamps that emit white light closer to the blue end of the color spectrum, 49 C.F.R. § 571.108, Sedgwick's testimony was sufficiently specific to justify the stop. Sedgwick expressly stated during cross-examination that the light he observed was "blue" and not "bluish white."

The stop was justified even were Sedgwick mistaken either as to the precise color of the light or the exact scope of California traffic laws. "[A] mere mistake of fact will not render a stop illegal, if the objective facts known to the officer gave rise to a reasonable suspicion that criminal activity was afoot." *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002). Nor does an officer's reasonable mistake of law invalidate the existence of reasonable suspicion. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014).

There was also sufficient evidence to support White's conviction. So long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" we must affirm the conviction. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (emphasis in original). "To sustain a conviction for possession with intent to distribute . . . the government must prove that the defendant (1) knowingly, (2) possessed the [drug], (3) with intent to distribute it." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000). The drugs in question were located in the hood of a car owned by White and while White was driving. These facts alone allowed the jury to infer White's possession of the methamphetamine. *Cf. United States v. Sanchez-Mata*, 925 F.2d 1166, 1169 (9th Cir. 1991) (there was no evidence of possession where the defendant "did not have a key to the trunk or car, was not driving the car, [and] did

not own the car"). White's statement during the traffic stop before the search of his car that "now I'm going to jail" provided additional support for the jury's finding. Finally, White's knowledge of and intent to distribute the drugs could be inferred from their quantity and value. *See United States v. Davila-Escovedo*, 36 F.3d 840, 843 (9th Cir. 1994).

**AFFIRMED**.