**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10056 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00158-LJO-SKO-1 |
| v. | |
| ANTONIO RENE MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted March 1, 2021
San Francisco, California

Before: WARDLAW and BERZON, Circuit Judges, and CHEN,[**] District Judge.

Antonio Rene Martinez appeals from the district court's judgment and

challenges the 41-month sentence imposed following his guilty-plea conviction for

illegal reentry in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

U.S.C. § 1291, and we affirm.

Martinez was charged with illegal reentry. After rejecting proffered plea agreements, Martinez entered an open plea of guilty and was sentenced to 41 months in prison.

Martinez filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel ("IAC"). After an evidentiary hearing, the district court denied the § 2255 motion. The district court found that Martinez had been correctly advised of his sentencing guidelines exposure, determined that Martinez's priority had been to preserve his appellate rights in order to maintain the best chance of remaining lawfully in the United States, and rejected Martinez's claim that he received ineffective assistance regarding his ability to attack his underlying deportation order. The district court also denied Martinez's IAC claim challenging counsel's failure to file a direct appeal on Martinez's behalf, but issued a certificate of appealability on that issue. Martinez appealed. The parties subsequently agreed that Martinez should be allowed to take a direct appeal in light of *Garza v. Idaho*, 139 S. Ct. 738 (2019). Upon the parties' request, this court vacated the district court's order denying Martinez's § 2255 motion, and the district court re-entered the criminal judgment.

This appeal followed.[1]

1. Martinez argues that the district court's failure to comply strictly with Rule 11, in particular sub-sections (b)(1)(M), (b)(1)(O), and (b)(2), constituted reversible error. Because Martinez did not object during the plea colloquy, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 730–36 (1993).

To establish plain error, Martinez must demonstrate a "reasonable probability that, but for the [Rule 11] error, he would not have entered the plea." *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). In undertaking that inquiry, the court considers, *inter alia*, "the overall strength of the Government's case and any possible defenses that appear from the record," "evidence tending to show that a misunderstanding was inconsequential to a defendant's decision, [and] evidence indicating the relative significance of other facts that may have borne on his choice regardless of any Rule 11 error." *Id*. (quoting *Dominguez Benitez*, 542 U.S. at 84–85).

In this case, the district court deviated significantly from the requirements of

---

[1] This appeal is from the conviction only. It does not cover the IAC claims concerning the guilty plea raised in the earlier § 2255 motion, and we express no view as to the merits of those claims or whether or how Martinez may seek to renew those claims once the conviction becomes final.

Rule 11. However, Martinez has not demonstrated a reasonable probability that the errors affected his decision to plead guilty. While the record shows that Martinez equivocated about accepting the plea agreements offered by the government, he did not equivocate about his ultimate decision to plead guilty. In his post-conviction letters to the court, Martinez repeatedly challenged the length of the sentence he received, rather than the guilty plea itself. He also proposed accepting one of the previously rejected plea offers the government had proffered. Even in his motion for reconsideration, Martinez did not request to withdraw his plea and go to trial. Instead, he asked the court to impose the lower sentence contemplated in the plea agreements offered by the government.

Moreover, the government's overall case against Martinez was strong; had he gone to trial and been convicted (a likely result), his total offense level would no longer reflect a three-point reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b). Instead, Martinez would have faced a higher Guidelines range, 57–71 months. Thus, even though Martinez contends that had he been asked by the judge whether any promises had been made to him, he might have responded that his lawyer had led him to expect a shorter sentence, there is no reasonable probability that Martinez, upon being disabused of any guarantee of a shorter sentence if he pled guilty, would have risked a trial that likely would have resulted in an even longer sentence.

20-10056

We conclude there is no reasonable probability that the Rule 11 errors impacted Martinez's decision to plead guilty. We do note that as Rule 11's requirements are meant to avoid the need to inquire into the voluntariness of a plea after-the-fact, *see McCarthy v. United States*, 394 U.S. 459, 465–66 (1969), careful adherence to them benefits both the litigants and the courts by eliminating the necessity for the sort of retrospective inquiry we have just conducted.

2. Martinez next contends that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) at sentencing by failing to verify that he had reviewed and discussed the presentence investigation report ("PSR") with counsel. We review for harmless error a district court's failure to verify that a defendant read a presentence report and discussed the same with his counsel. *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007). The error is harmless "if it is clear that no prejudice resulted." *Id*. (quoting *United States v. Davila-Escovedo*, 36 F.3d 840, 844 (9th Cir. 1994)).

As Martinez concedes, any error was harmless because he has "'made no affirmative allegation that he failed to read the report' and review it with his attorney," nor has he "identified—either to the district court or to this court—*any* fact in the PSR he would have disputed had the sentencing judge afforded him the opportunity." *Id*. (quoting *Davila-Escovedo*, 36 F.3d at 844) (emphasis in original). Accordingly, the district court's Rule 32(i)(1)(A) error was harmless.

**AFFIRMED.**