NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10349 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00173-DKW-1 |
| v. | |
| KIRISIMASI MASUISUI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 15, 2022
Honolulu, Hawaii

Before: HAWKINS, R. NELSON, and FORREST, Circuit Judges.

Defendant Kirisimasi Masuisui ("Masuisui") appeals his conviction and 292-month sentence for conspiring to possess/distribute methamphetamine and cocaine and possession with intent to distribute methamphetamine. We affirm.

There was no abuse of discretion in denying Masuisui's motion to withdraw his guilty plea. Masuisui did not demonstrate a "fair and just reason" for requesting

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

withdrawal of his plea nearly two years after its entry. *See* Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ensminger*, 567 F.3d 587, 590–91 (9th Cir. 2009). The district court conducted an adequate investigation into any medications Masuisui was taking at the time of the plea colloquy, and there is no indication from the record that the plea was not voluntary, knowing, and intelligent or that the medications otherwise impaired Masuisui's ability to participate in the proceedings. *See United States v. Carter*, 795 F.3d 947, 952–55 (9th Cir. 2015).

Nor did the district court clearly err in finding Masuisui had obstructed justice and applying a two-level enhancement for such conduct at sentencing. The district court properly relied on evidence that had been submitted in connection with the government's motion for detention in which two witnesses indicated Masuisui and his wife had sent a verbal and written communication to co-defendant Auelua. The court found that this communication, even if not a direct threat, was at least an attempt to unlawfully influence a co-defendant/witness not to cooperate with authorities. *See* U.S.S.G. § 3C1.1. Although the witnesses did not personally appear at the detention hearing, their statements given to the government were substantially similar, and the court found them reliable. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (court may rely on hearsay at sentencing).

Likewise, there was no clear error in finding Masuisui was an organizer or leader of a conspiracy involving five or more participants. *See* U.S.S.G. § 3B1.1(a).

2

The court found that at least five individuals (including Masuisui himself) were involved in the conspiracy, most of whom Masuisui named in either his plea colloquy or post-arrest statement. The district court also adequately set forth reasons for finding Masuisui was an organizer or leader within the conspiracy, including his control over shipments between San Francisco and Hawaii, setting prices, and directing others where and when to transport drugs and/or currency. *See United States v. Rivera*, 527 F.3d 891, 908–09 (9th Cir. 2008).

There was no abuse of discretion in denying Masuisui's motion for a seventh continuance of his sentencing, which ultimately took place nearly three years after entering his guilty plea. *See United States v. Walter-Eze*, 869 F.3d 891, 907–08 (9th Cir. 2017). Nor did the court violate Rule 32, which requires the court at sentencing to "verify that the defendant and the defendant's attorney have read and discussed the presentence report ["PSR"] and any addendum to the report." Fed. R. Crim P. 32 (i)(1)(A). Although Masuisui's sentencing counsel stated she had not gone over the PSR "page by page" with him, she further indicated she had reviewed the PSR with him "in general" and believed he knew and understood its contents.

Even if this were considered error, any such error was harmless because Masuisui's prior attorneys had filed objections to the PSR, which his new attorney agreed with and argued at sentencing. Masuisui has not affirmatively alleged that he failed to review the PSR with prior counsel. In any event, Masuisui cannot

3

demonstrate that there were *material* additional objections that could have been made to the PSR which resulted in prejudice to him. *See United States v. Soltero*, 510 F.3d 858, 862–64 (9th Cir. 2007) (per curiam); *United States v. Davila-Escovedo*, 36 F.3d 840, 844 (9th Cir. 1994). [1]

**AFFIRMED.**

---

[1] Appellee's motion to strike portions of the opening brief (Dkt. Entry No. 28) is denied as moot.