**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge MONZON–VALENZUELA,**
**Defendant–Appellant.**

No. 98–30202.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 1999.

Decided Aug. 10, 1999.

Deborah A. Whipple, Boise, Idaho, for the defendant-appellant.

Rafael M. Gonzalez, Jr., Assistant United States Attorney, Boise, Idaho, for the plaintiff-appellee.

Before: GOODWIN, REAVLEY,[1] and McKEOWN, Circuit Judges.

GOODWIN, Circuit Judge:

Monzon was convicted of conspiracy to sell five pounds of methamphetamine and sentenced to 295 months imprisonment. He claims his conviction must be reversed because the trial judge failed to provide *sua sponte* an informant instruction with

regard to one of the witnesses. He also argues that the trial judge failed to make adequate findings to support an upward adjustment under USSG § 3C1.1. We affirm the conviction but reverse and remand the sentence.

## I. The Informant Instruction

After his arrest, Monzon was incarcerated in state prison for two weeks in the same cell block as Joel Rodriguez. Rodriguez claimed to have befriended Monzon and eventually became one of the government's key witnesses. He testified at trial that in prison Monzon had described his role in the drug conspiracy. Monzon supposedly admitted that he had brought the methamphetamine from California and that he was supposed to return there with the proceeds. Rodriguez testified that Monzon and he had discussed potential future drug deals. Rodriguez also surreptitiously recorded phone numbers Monzon was calling, which the government linked to suspected drug dealers. Monzon testified in his own defense and, needless to say, denied all of Rodriguez' testimony.

Defense counsel did not request an informant instruction as to Rodriguez, and the issue was never raised before the trial judge. Monzon now argues that his conviction should be reversed because the trial judge had an obligation *sua sponte* to provide the informant instruction as to Rodriguez. If trial counsel does not bring the issue to the judge's attention, we review for plain error the failure to provide a jury instruction. *See United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994). We cannot reverse unless the error was clear under the law. *See id.* On the record before us, there is no plain error. It was not clear that Rodriguez was an informant to whom the instruction would apply.

---

1. Honorable Thomas M. Reavley, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

■ The informant instruction applies only to witnesses "who provide evidence against a defendant for some personal advantage or vindication, as well as for pay or immunity." *Guam v. Dela Rosa,* 644 F.2d 1257, 1259 (9th Cir.1980). *See also* Devitt & Blackmar, Jury Prac. & Instr. § 17.02 (1977). The plain language of this Circuit's model instruction is consistent with *Dela Rosa* and Devitt & Blackmar.[2] *See* Ninth Cir.Crim. Jury Instr. 4.10.1 (1997). There is little reason to warn jurors regarding government witnesses who have no obvious incentive falsely to implicate the defendant.

In this case, Rodriguez' motivation for testifying is unclear. The record does establish that he gathered information undercover on Monzon for the government. Rodriguez' entire testimony consisted of information he says he gleaned from Monzon while pretending to be his friend and while pretending to arrange future drug deals. Rodriguez admitted that he intended all along to give the information he was secretly gathering on Monzon to the government agent assigned to Monzon's case.

Rodriguez repeatedly denied, however, that the government had asked him to spy on Monzon or that he had received or expected any benefit for his testimony. The government agents involved also testified that Rodriguez had received no benefit in exchange for his testimony. Rodriguez explained that he collected information on Monzon for the government because he was "concerned" Monzon was so angry at being arrested that "he might hurt somebody." Rodriguez may have, as he claimed, simply acted as a concerned citizen, or, perhaps more likely, may have been a jailhouse opportunist putting some points in storage for himself.

During cross-examination Rodriguez admitted he had traded information for lenient treatment in the past and eventually admitted that one does not testify against others unless "its going to do you some good." Rodriguez also admitted that when he discussed possible drug deals with Monzon, he had already discussed with the DEA the possibility of acting as a confidential informant in those deals. That was one reason he was pretending to be Monzon's friend and collecting information on him. Rodriguez was not asked, however, to explain his motivation to be an informant for the DEA.

While this testimony certainly would have required the district court to consider very seriously any request for an informant instruction, we cannot say it was plain that Rodriguez was an informant subject to the instruction. The record supports the inference that Rodriguez testified against Monzon in the expectation of some reward from the government, but the record does not make it clear that he did so. There can be no plain error.

## II. Adjustment for Obstruction of Justice

■ The trial court imposed a two-level upward adjustment to Monzon's offense level for testifying falsely at trial. An adjustment may be imposed under USSG § 3C1.1, if the district judge determines that the defendant committed perjury, i.e., gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

■ It is not enough that the defendant chose to testify and was convicted. Imposing the enhancement without a judicial finding of perjury might unduly burden the defendant's Constitutional right to testify. *Id.* at 96–97, 113 S.Ct. 1111. The

---

**2.** The informant instruction reads: "You have heard testimony that _____, a witness, has received (benefits, compensation, favored treatment, etc.) from the government in connection with this case. You should examine _____'s testimony with greater caution than that of ordinary witnesses. In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of (e.g., benefits) from the government." Ninth Cir. Crim. Jury Instr. 4.10.1 (1997).

Supreme Court has demanded that "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same . . . ." *Id.* at 95, 113 S.Ct. 1111.

 Monzon points out that the district court failed to make the necessary *Dunnigan* finding of perjury. A district court should "address each element of the alleged perjury in a separate and clear finding." *Id.* We have accepted perfunctory findings as long as they are clearly supported by the record. *See, e.g., United States v. Oplinger,* 150 F.3d 1061, 1070–71 (9th Cir.1998) (because of "numerous witnesses and documents" demonstrating the defendant's statements were false, accepting district court statement that "[t]he evidence shows that he did testify as [sic] a material, relevant issue of fact falsely").

In this case, the district judge did not make an independent finding that Monzon had committed perjury. At the sentencing hearing, the district court instead relied solely on the inconsistency between the verdict and Monzon's testimony. This is precisely the result *Dunnigan* seeks to avoid. The Presentence Report's conclusion that Monzon testified falsely may ultimately prove justified by the record, but *Dunnigan* does not permit the judge to delegate to the presentence report writer the judicial fact finding function.

### III. Conclusion

The conviction is AFFIRMED. The sentence is REVERSED and REMANDED for reconsideration in light of *Dunnigan.*