UNITED STATES of America,
Plaintiff–Appellee,

v.

Beatrice Marie MORALES,
Defendant–Appellant.

No. 00–50569.
D.C. No. 00–CR–989–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted * June 13, 2001.

Decided June 19, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. 34(a)(2).

Appeal from the United States District Court for the Southern District of California Jeffrey T. Miller, District Judge, Presiding.

Before WARDLAW, PAEZ and TALLMAN, Circuit Judges.

## MEMORANDUM **

Beatrice Marie Morales ("Morales") appeals the district court's denial of her motion for judgment of acquittal and the two level upward adjustment of her sentence for obstruction of justice. Morales was convicted, following a jury trial, of importation of marijuana in violation of 21 U.S.C. §§ 952(a), 960, and of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Morales argues that the evidence presented at trial is insufficient to establish that she knew about the 58.8 pounds of marijuana that United States Customs inspectors found in the gas tank of the car she was driving. Because Morales moved pursuant to Federal Rule of Criminal Procedure 29 for judgment of acquittal both at the conclusion of the government's case-in-chief and after all the evidence had been presented, we review the district court's denial of the motion *de novo*.

 Viewing the evidence in the light most favorable to the prosecution, we conclude that "a rational jury could have found the elements of the crime beyond a reasonable doubt." *United States v.. Munoz*, 233 F.3d 1117, 1129 (9th Cir.2000). The elements of the counts against Morales are: (1) knowing importation of marijuana, (2) knowledge that the substance was marijuana or some other prohibited drug; as well as (1) knowing possession of marijuana, and (2) intent to deliver the marijuana to another person. *See United States v. Vallejo*, 237 F.3d 1008, 1025 n. 8 (9th Cir.2001) (setting forth the elements for importation of marijuana); *United States v. Davila–Escovedo*, 36 F.3d 840, 843 (9th Cir.1994) (setting forth the elements for possession of marijuana with intent to distribute).

There was ample evidence from which the jury could have found each of these elements. The customs inspectors testified that Morales appeared nervous because her hands were shaking, her eyes were watery, she was rapidly smoking a cigarette, and she was overly talkative. *See United States v. Walitwarangkul*, 808 F.2d 1352, 1354 (9th Cir.1987) (finding that the defendant's nervousness during a border inspection supports a finding of knowledge). Morales told inspectors that she was crossing the border to meet her children's "Tia Celia," but she could not produce the aunt's telephone number nor could she subsequently locate her at all. Moreover, responding to the government's evidence that she had taken the car several hours north of the border to a motel, she offered inconsistent and confusing testimony. *See United States v. Quintero–Barraza*, 78 F.3d 1344, 1352 (9th Cir.1995) (noting that inconsistencies in the defendant's story "may reasonably strengthen an inference of knowing possession").

 It is also well established that "possession of a substantial quantity of drugs will support an inference of knowledge." *Davila–Escovedo*, 36 F.3d at 843. Here, there were 58.8 pounds of marijuana, which is a substantial quantity. *See United States v. Hursh*, 217 F.3d 761, 767–68 (9th Cir.2000) (finding 59.3 pounds of marijuana hidden in a gas tank to be a substantial quantity). A substantial quantity also supports the inference that the drugs were for distribution as opposed to personal use. *See United States v. Magallon–Jimenez*, 219 F.3d 1109, 1113 (9th Cir. 2000), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1013 (2001); *United States v. Beltran–Garcia*, 179 F.3d 1200, 1206 (9th Cir.1999) (holding that the district court did not err by instructing the jury that they may infer intent to distribute if they find that the defendant possessed 45.10 pounds of marijuana).

Morales also argues that the district court did not make the requisite findings prior to adjusting upward her sentence for obstruction of justice pursuant to Section 3C1.1 of the Sentencing Commission Guidelines. A district court's determination that a defendant obstructed justice pursuant to the sentencing guidelines is a factual determination that we review for clear error. *United States v. Morgan*, 238 F.3d 1180, 1187 (9th Cir.2001). We review constitutional challenges to the application of the Sentencing Guidelines *de novo*.

*United States v. Barbosa,* 906 F.2d 1366, 1369 (9th Cir.1990).

If, as is the case here, the obstruction of justice enhancement is based upon a finding of perjury, the district court must "address each element of the alleged perjury in a separate and clear finding." *United States v. Monzon–Valenzuela,* 186 F.3d 1181, 1184 (9th Cir.1999). The district court found that Morales's testimony was (1) false, (2) material, and (3) willful. *Morgan,* 238 F.3d at 1187 (setting forth the elements for perjury). These findings were clearly supported by the record. *See Monzon–Valenzuela,* 186 F.3d at 1184 (holding a court may make perfunctory findings so long as they are "clearly supported by the record"). Therefore, the district court's conclusion as to perjury was not clearly erroneous.

Finally, Morales contends that an upward adjustment for obstruction of justice "would have a chilling effect on the right of an accused to testify in his or her own behalf." We, and the Supreme Court, have expressly rejected this argument because "a defendant's right to testify does not include a right to commit perjury." *United States v. Dunnigan,* 507 U.S. 87, 96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *United States v. Rubio–Topete,* 999 F.2d 1334, 1340 (9th Cir.1993). The district court thus properly rejected Morales's constitutional argument.

AFFIRMED.