UNITED STATES of America,
Plaintiff—Appellee,

v.

Jorge MONZON–VALENZUELA,
Defendant—Appellant.

No. 01–35286.
D.C. Nos. CV–99–0535–BLW,
CR–97–0076–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001.*

Decided Dec. 7, 2001.

Before O'SCANNLAIN, GRABER, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Petitioner Jorge Monzon–Valenzuela appeals the district court's denial of his § 2255 motion. On de novo review, we affirm.

A jury convicted Petitioner of conspiracy to sell methamphetamine, possession with

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

intent to distribute methamphetamine, and possession of a firearm during drug trafficking. At trial, two witnesses provided most of the evidence against Petitioner. As to one of those witnesses, the trial court gave an informant instruction. As to the other, Joel Rodriguez, the trial court did not. Petitioner contends that his counsel was ineffective for having failed to request an informant instruction naming Rodriguez as an informant.

Applying the analysis in *United States v. Bosch,* 914 F.2d 1239 (9th Cir.1990), we conclude that Petitioner has shown no prejudice, even assuming that counsel's performance was deficient. First, Rodriguez' testimony was corroborated; for example, his testimony about the quantity and price of the methamphetamine involved was corroborated by two other witnesses. Second, Petitioner's lawyer vigorously attacked Rodriguez' credibility, both on cross-examination and in closing argument. Third, the other instructions adequately informed the jury that it could discount Rodriguez' testimony. The general credibility instruction cautioned the jury to consider each witness' interest in the outcome of the case, bias, or prejudice and allowed the jury to take into account any other factor bearing on believability. Additionally, the jury was instructed that it could take into account the fact that Rodriguez is a felon.

Finally, it is not apparent that Monzon–Valenzuela was even entitled to an informant instruction for Rodriguez. *See United States v. Monzon–Valenzuela,* 186 F.3d 1181, 1183 (9th Cir.1999). On this record, Rodriguez does not meet the definition of an informant. There is no evidence that Rodriguez received any governmental benefit, compensation, or favored treatment

whatsoever in exchange for his cooperation. Rodriguez testified that he was receiving no benefits for testifying and that he had received none in exchange for information that he gave to law enforcement. He also said that he had been an informant in a *prior* case involving a different defendant, in exchange for which he had received a favorable sentence, and hoped that testifying here would do him some good. However, the record discloses nothing to suggest that his unilateral optimism was objectively justified in *this* case.

AFFIRMED.