**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eric Robert HANSON, Defendant— Appellant.**

No. 99–50776.

D.C. No. CR–97–00011–RT–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2001.

Withdrawn from Submission May 1, 2001.

Decided July 26, 2002.

Before BOOCHEVER and SILVERMAN, Circuit Judges, and GEORGE,* District Judge.

## ORDER

Effective immediately, the above-captioned case is resubmitted.

## MEMORANDUM**

Eric Robert Hanson appeals his conviction and his sentence for possessing with intent to distribute marijuana plants. Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I. *Failure to give an informant instruction*

■ Frank Pergola was a major witness at Hanson's trial. He testified that Hanson hired him to cultivate marijuana at the Post Road residence. Pergola also admitted that he had pled guilty under a cooperation agreement, and that he hoped for a lesser sentence in return for his testimony. He also admitted that in early meetings

* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

with government agents, he lied about how he met Hanson, to protect a friend who had introduced him to Hanson.

The instructions given to the jury included an accomplice instruction. Hanson now argues that the court also should have included an informant instruction. Because Hanson did not object at trial, we review for plain error. *United States v. Monzon–Valenzuela*, 186 F.3d 1181, 1182 (9th Cir.1999). To reverse for plain error we must find "(1) there was error; (2) the error was 'plain;' and (3) that the error affected substantial rights." *United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir. 2000) (internal quotations omitted), *overruled in part on other grounds by United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) (en banc). If all the above circumstances are met, the court may exercise its discretion to notice the forfeited error if it affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The informant instruction applies to witnesses who testify against a defendant for personal advantage. *See Monzon–Valenzuela*, 186 F.3d at 1183. That includes accomplices who turn informant in exchange for reduced charges. *See United States v. Bosch*, 914 F.2d 1239, 1247 (9th Cir.1990). Pergola fits that description.

But an accomplice instruction was given in this case, and

> there is no significant [difference] between a cautionary instruction on the testimony of an accomplice and a cautionary instruction on one granted immunity. In both instances, the jury is instructed that the testimony be received with caution and weighed with care. We [have] held that it did not matter which instruction was given, an accomplice instruction . . . or an informant instruction . . . .

*United States v. Bernard*, 625 F.2d 854, 858 (9th Cir.1980) (citation and internal quotations omitted). The *Bernard* court had before it instructions similar to those in this case, which warned that such testimony should be received with caution and weighed carefully. *See* 625 F.2d at 857 n. 1, 858 n. 4. "[W]hether we treat the government witnesses as accomplices or as persons granted immunity, or both, is immaterial because the instruction would be essentially the same." *United States v. Morgan*, 555 F.2d 238, 243 (9th Cir.1977); *see Guam v. Dela Rosa*, 644 F.2d 1257, 1261 (9th Cir.1981) (if court had given informant instruction, no need to give accomplice instruction). It was not plain error to omit an informant instruction.

## II. *Drug quantity*

■ The district judge sentenced Hanson to 60 months imprisonment based on a drug quantity of 586 marijuana plants and 167.7 grams of marijuana, calculated as the equivalent of 58.767 kilos of marijuana. Hanson argues that because the amount of drugs was not submitted to a jury and proven beyond a reasonable doubt, his sentence must be reversed under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), decided after his sentencing. We review for plain error. *See Nordby*, 225 F.3d at 1060.

In *Apprendi*, the Supreme Court held that a fact that increases the statutory maximum penalty to which a defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt. In *Nordby*, this court held that the amount of drugs for which a defendant is sentenced may be such a fact. *Id.* at 1060. Because in this case the amount of drugs was not submitted to the jury to be proven beyond a reasonable doubt, there was error which at the time of this appeal is "plain." *Id.* The remaining issue is whether the error affected Hanson's substantial rights. *Id.*

The statutory mandatory minimum sentence for possession of more than 100 marijuana plants (regardless of weight) is five years, with a maximum sentence of 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(vii). Hanson received the mandatory minimum five-year sentence. Five years is the statutory maximum for possession of an *undetermined* amount of marijuana. *See id.* at § 841(b)(1)(D). The district court's determination that the drug quantity was 566 plants *exposed* Hanson to the possibility of a statutory maximum of 40 years, but did not actually *result* in a sentence beyond the default statutory maximum of five years. The *Apprendi* error as to the maximum penalty therefore did not affect his substantial rights, and did not constitute plain error. *See United States v. Garcia–Guizar,* 234 F.3d 483, 488 (9th Cir.2000) (*Apprendi* error is harmless if increase in statutory maximum penalty "had no effect upon the sentence that [defendant] actually received"), *cert. denied,* 532 U.S. 984, 121 S.Ct. 1629, 149 L.Ed.2d 490 (2001).

The Supreme Court has decided that the failure to submit to the jury a fact increasing a defendant's mandatory minimum sentence does not violate the Constitution: "That factor need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." *Harris v. United States,* —— U.S. ——, 122 S.Ct. 2406, 2420, 153 L.Ed.2d 524 (2002). It therefore is not error under *Apprendi* that the drug quantity increased Hanson's minimum sentence.

III. *Apportionment of marijuana*

Hanson argues that the district court erred in attributing all the marijuana plants and loose marijuana to him. We review factual determinations at sentencing for clear error. *United States v. Garcia–Sanchez,* 189 F.3d 1143, 1148 (9th Cir. 1999).

In *Garcia–Sanchez,* the defendant was one of a number of sellers who sold in shifts in a drug conspiracy. We held that it was plain error for the district court to hold the defendant accountable for all the conspiracy's sales during his involvement, without making an individualized determination of the scope of the defendant's agreement with his coconspirators, because "a defendant is not always accountable under the Sentencing Guidelines for all the acts of his co-conspirators." *Id.* at 1147.

Hanson, however, was not charged with conspiracy, but with possession with intent to distribute. Hanson's counsel argued at sentencing that it had not been shown that Hanson was responsible for all the marijuana plants. The district court explicitly found that, based on the evidence at trial, Hanson did possess all the marijuana in issue. Hanson has not shown that this was clearly erroneous. Even though others were involved in the grow operation, Hanson owned the grow houses, and other evidence was given of his presence in the residences and his supervision of the others.

AFFIRMED.