**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Robert VILLA–AGUILAR, Defendant— Appellant.**

**No. 01–30104.
D.C. No. CR–00–00158–JET.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 16, 2002.

Before HAWKINS and GOULD, Circuit Judges, and WARE,* District Judge.

MEMORANDUM **

Robert Villa–Aguilar ("Aguilar") appeals his conviction and sentence for conspiracy to distribute cocaine and possessing cocaine with intent to distribute in violation of 18 U.S.C. §§ 841 & 846.

■ The prosecutor did not commit misconduct with respect to the questioning of defense witness Anna Tapia. Because the witness was not revealed until the beginning of trial, it was not improper for the government to question her regarding her full and correct name. Likewise, it was not misconduct for the prosecutor to pursue a line of questioning that led to the revelation of Tapia's prior conviction. Although the government did not provide advance written notice of its intent to introduce the conviction, as required by Federal Rule of Evidence 609(b), this was due to the last minute disclosure of Tapia as a witness. The government made a good faith effort to comply with the rule by notifying the court and defense counsel that it wished to introduce the conviction and sought a prior ruling from the district judge, who declined to rule at the time. Because the court never ruled the conviction inadmissible and there was no contemporaneous objection to the questioning, it was not error for the prosecutor to question Tapia concerning the conviction.

■ On the other hand, the government's closing argument may have crossed the line of impropriety by calling into question defense counsel's veracity. *See United States v. Rodrigues,* 159 F.3d 439, 451 (9th Cir.1998). Overall, however, the prosecutor's comments were arguably responsive to what the prosecutor perceived as misstatements in the defense closing. *See id.* at 451. Moreover, in light of the evidence put forth at trial, it is unlikely that the prosecutor's allegations were so "gross as probably to prejudice the defendant," *United States v. Birges,* 723 F.2d 666, 672 (9th Cir.1984), and hence do not constitute plain error.

■ It was not plain error for the district court to permit expert testimony on the structure and practices of drug organizations, as Aguilar was charged with conspiracy and alleged to be a high-level distributor of cocaine. *See United States v. Varela–Rivera,* 279 F.3d 1174, 1179 (9th Cir.2002).

* Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Aguilar also contends his counsel was ineffective for failing to object to the introduction of the expert testimony, the prosecutor's questioning of Tapia and the improper closing argument. This claim, however, requires additional factual development and is better raised through collateral attack. *United States v. Oplinger*, 150 F.3d 1061, 1071 (9th Cir.1998).

Finally, Aguilar contends that the two-point enhancement for obstruction of justice was not supported by adequate factual findings. We agree. The Supreme Court has instructed that "if a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice..." *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). In this case, the government set forth a number of justifications for the enhancement, and the district court agreed to permit the enhancement. Although the government's argument did point out specific statements by Aguilar that were allegedly false, the government did not specifically touch on the elements of wilfulness or materiality. Moreover, the government also seems to have argued that the obstruction was proper because Aguilar testified and the jury convicted, a ground for enhancement that is prohibited by *Dunnigan* and this circuit. *See United States v. Monzon–Valenzuela*, 186 F.3d 1181, 1184 (9th Cir.1999). Because the district court did not elaborate on why it accepted the government's argument, it is impossible to discern whether the enhancement was based on permissible grounds. We therefore vacate the sentence and remand for resentencing. On remand, "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Dunnigan*, 507 U.S. at 95.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.