**UNITED STATES of America, Plaintiff—Appellee,**

**v.**

**Jose Rigoberto BAEZA, aka Jose Baeza, Defendant—Appellant.**

No. 02–30295.
DC No. CR 01–0100 WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2003.

Decided July 21, 2003.

Before REAVLEY,* TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM **

Jose Rigoberto Baeza appeals from his conviction and sentence for methamphetamine and cocaine distribution and for being a felon in possession of ammunition.[1] We affirm.

■  Baeza argues that the district court erred in denying his motion for a hearing under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), to test the veracity of the affidavit supporting the search warrant in this case. A *Franks* hearing is not necessary if the affidavit contains enough information to support a finding of probable cause even if the challenged information is ignored. *See United States v. Meling*, 47 F.3d 1546, 1556 (9th Cir.1995). In this case, even if the information received from Sam Roberts (the part of the affidavit Baeza challenges) was completely ignored, the affidavit contained sufficient information based on the law enforcement officers' direct observations to support a finding of probable cause. The district court, therefore, did not err in denying the motion for a *Franks* hearing.

■  Baeza also argues that the district court committed plain error by failing to give Ninth Circuit Model Jury Instruction 4.10 (the "informant instruction"). Because Baeza did not object to the jury instructions, the district court's jury instructions are reviewed for plain error. *United States v. Monzon–Valenzuela*, 186 F.3d 1181, 1182 (9th Cir.1999). Under plain error review, we may correct an error only if it is plain and affected the

defendant's substantial rights. *United States v. Klinger*, 128 F.3d 705, 712 (9th Cir.1997). Here, any error in failing to present the informant instruction did not affect Baeza's substantial rights because there was ample evidence against Baeza that corroborated Roberts' testimony. Because Roberts' testimony was corroborated and was not the only evidence of Baeza's guilt, any error in failing to give the informant instruction was harmless. *See United ed States v. Holmes*, 229 F.3d 782, 788 (9th Cir.2000).

■  Finally, Baeza argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for his conviction for being a felon in possession of ammunition. Any error, however, was harmless because Baeza was subject to the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B). Because Baeza was sentenced to the statutory minimum for both imprisonment and supervised release, his sentence would not have been reduced even if the district court did not impose the § 2K2.1(b)(5) enhancement. Therefore, any error that the district court committed was harmless. *See United States v. Miller*, 151 F.3d 957, 962 (9th Cir.1998) (declining to reach challenge to application of sentencing guidelines where defendant was sentenced to the mandatory minimum sentences of imprisonment and supervised release).

Baeza's conviction and sentence are AFFIRMED.

---

* The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1.  Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.