**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10397 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00387-EMC |
| v. | |
| DARRELL BUCKINS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Darrell Buckins appeals from the district court's judgment and challenges the 14-month sentence imposed following his jury-trial conviction for escape, in violation of 18 U.S.C. § 751(a).  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Buckins contends that the district court erred by imposing a sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Because the enhancement was based on Buckins's testimony at trial, the district court was required to review the evidence and make independent findings that Buckins had willfully testified falsely on a material issue. *See United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). The record reflects that the district court imposed the enhancement based on its conclusion that doing otherwise would contravene the jury's verdict. However, inconsistency with the jury's verdict is not sufficient for the findings required by *Dunnigan*. *See United States v. Monzon-Valenzuela*, 186 F.3d 1181, 1184 (9th Cir. 1999); *see also United States v. Alvarado-Guizar*, 361 F.3d 597, 601, 603 (9th Cir. 2004) (district court not required to agree with jury's disbelief of defendant's testimony when deciding whether to impose enhancement under section 3C1.1). Contrary to the government's contention, our holding in *United States v. Sullivan*, 797 F.3d 623 (9th Cir. 2015), does not change the analysis. Because the error may have affected the district court's guidelines calculations, we reject the government's contention that it did not affect Buckins's substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). We therefore remand for the district court to make the independent findings required by *Dunnigan*.

We do not reach Buckins's additional argument that the district court erred in failing to impose a downward adjustment for acceptance of responsibility, under U.S.S.G. § 3E1.1, after concluding that Buckins had accepted responsibility for the offense.  The court may address this issue on remand.

**VACATED** and **REMANDED** for resentencing.