**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br> v.<br><br> BRYAN MELVIN BRANDENBURG,<br><br>  Defendant - Appellant. | No. 24-5966<br><br>D.C. No.<br>1:22-cr-00047-LEK-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 7, 2025
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge SUNG.

Bryan Melvin Brandenburg appeals from his conviction for one count of

transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875(c) and

six counts of making threats or false statements about explosives in violation of 18

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 844(e). He raises jury instruction and sentencing challenges.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether jury instructions "correctly state the elements of the offense and adequately cover the defendant's theory of the case." *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017). In the sentencing context, "[w]e review the district court's factual findings for clear error, its construction of the United States Sentencing Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion." *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021).

The district court did not err by refusing to give Brandenburg's requested diminished-capacity jury instruction, and any error in denying his proposed true-threat instruction was harmless. Although Brandenburg's drug use and mental health struggles may have clouded his judgment, no evidence was presented that indicated he was unable to form specific intent.[2] The district court therefore had

---

[1] Brandenburg also challenges a sentencing enhancement applied under Sentencing Guideline 2A6.1(b)(4)(A). We address that challenge in a concurrently filed opinion.

[2] At oral argument, Brandenburg argued that his comments to investigating agents regarding his brain surgery and heart removal demonstrated his diminished capacity. This argument was neither raised in the district court nor briefed before us, and it is thus forfeited. *See Cascadia Wildlands v. U.S. Bureau of Land Mgmt.*, 153 F.4th 869, 901–02 (9th Cir. 2025).

no basis upon which to give the diminished-capacity instruction.[3]  *See United States v. Christian*, 749 F.3d 806, 815 (9th Cir. 2014) ("A jury instruction was required only if there was *some* evidence supporting a link between [the defendant's] mental illness and his ability to form a specific intent to threaten . . . ."), *overruled on other grounds*, *United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc).  And any error in denying Brandenburg's proposed true-threat instruction was harmless because the jury's alternative finding for each of Counts 2 through 7 under the unchallenged instruction was sufficient to support a conviction under 18 U.S.C. § 844(e) on each of those counts.  *See United States v. Dela Cruz*, 358 F.3d 623, 625–26 (9th Cir. 2004) (upholding jury instructions that are materially similar to the unchallenged instructions).

The district court did not err in declining to apply an acceptance-of-responsibility reduction under Sentencing Guideline 3E1.1.  The district court declined to apply the reduction based on Brandenburg's lack of demonstrated remorse in his trial testimony and at sentencing, not based on Brandenburg's decision to testify.  The district court appropriately determined that Brandenburg had not "shown contrition for his offense, notwithstanding the fact that he

---

[3] Brandenburg argues that we should review de novo the district court's denial of the diminished-capacity instruction, whereas the Government argues that we should review the denial for abuse of discretion.  The standard of review here is immaterial, however, because Brandenburg's challenge fails under either standard.

exercised his constitutional rights." *United States v. Ochoa-Gaytan*, 265 F.3d 837, 844 (9th Cir. 2001).

Lastly, the district court did not err in applying an obstruction-of-justice enhancement under Sentencing Guideline 3C1.1 after it made adequate findings that Brandenburg perjured himself at trial. Brandenburg argues that the district court did not independently find that his testimony was willfully false. This argument fails because the court properly identified the three elements of the enhancement that it was required to find before voicing its own logic for applying the enhancement. Specifically, the court stated that "I have to find three things for this obstruction enhancement to apply" and first ran through the falsity and materiality prongs. The court then turned to the willfulness prong, regarding which the court emphasized that "I don't think the jury made any findings," and explained its independent duty to find that Brandenburg willfully testified falsely. After considering argument, the court's willfulness finding cited to Brandenburg's emails and admissions in addition to the jury verdict. Although the district court is not permitted to rely wholly on a jury verdict, *United States v. Alvarado-Guizar*, 361 F.3d 597, 603 (9th Cir. 2004), the court is permitted to consider and compare the verdict with Brandenburg's testimony and other evidence. *United States v. Johnson*, 812 F.3d 757, 761–65 (9th Cir. 2016) (citing *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). There is no indication on this record that the court did

more than that here.  Notably, at sentencing, Brandenburg did not raise an objection after the district court made its findings for the obstruction enhancement.

**AFFIRMED.**

SUNG, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority that the district court did not err when it refused to give Brandenburg's requested diminished-capacity and true-threat jury instructions or when it declined to apply an acceptance-of-responsibility reduction under Sentencing Guideline 3E.1. However, I write separately to express my disagreement with the majority's conclusion that the district court properly applied an obstruction-of-justice enhancement under Guideline 3C1.1. In my view, the district court did not make the requisite independent finding that Brandenburg willfully provided false testimony. Accordingly, I would remand for resentencing.

To support the application of an obstruction-of-justice enhancement, a district court must make "independent" factual findings that satisfy the three elements of perjury—falsity, materiality, and willfulness. *United States v. Alvarado-Guizar*, 361 F.3d 597, 600-601 (9th Cir. 2004); *see also United States v. Dunnigan*, 507 U.S. 87, 95 (1993). As the majority correctly notes, a district court cannot base these findings solely on the conflict between a defendant's testimony and the jury's verdict. *See Alvarado-Guizar*, 361 F.3d at 603; *United States v. Monzon-Valenzuela*, 186 F.3d 1181, 1184 (9th Cir. 1999). This rule "is a procedural safeguard designed to prevent punishing a defendant for exercising her constitutional right to testify." *Alvarado-Guizar*, 361 F.3d at 606 (quoting *United*

1

*States v. Jimenez*, 300 F.3d 1166, 1171 (9th Cir. 2002)); *see also Monzon-*

*Valenzuela*, 186 F.3d at 1183.

Based on my reading of the sentencing hearing transcript, the district court

did not make the requisite independent finding of willfulness. The presentence

report recommended application of the enhancement. During the hearing,

Brandenburg objected to its application, including on the ground that the jury did

not find that Brandenburg willfully provided false testimony.[1] The district court

initially agreed that the jury had not made a willfulness finding and expressed

doubt that she could make an independent finding of willfulness. The government

subsequently persuaded the court that the jury made a willfulness finding when it

convicted Brandenburg of threatening or conveying false information concerning

explosives.

The court then made a willfulness finding based solely on the jury's verdict.[2]

As the majority acknowledges, such a finding is insufficient to support the

application of the obstruction-of-justice enhancement. "[W]e must remand where

---

[1] During the hearing, defense counsel argued that the jury had not made findings regarding any of the elements of perjury. But Brandenburg does not challenge the sufficiency of the court's falsity or materiality findings on appeal.

[2] The majority asserts that the court cited to record evidence in addition to the verdict when making its willfulness finding. But, in context, the court's vague references to the record merely expand on its statement that the jury found that Brandenburg committed perjury. They do not indicate that the court relied on record evidence in addition to the jury's verdict.

2

the district court failed to make a finding" of one of the factual predicates for enhancing a sentence for obstruction of justice. *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103-04 (9th Cir. 2007). I would therefore remand to the district court to reconsider whether the record evidence supports an independent finding of willfulness and, accordingly, whether application of the enhancement is appropriate.

Because the district court applied the obstruction-of-justice enhancement without making an independent finding of willfulness, and we must remand when the district court has not made a required factual finding, I respectfully dissent.